**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RICHARD BARKER, #925332,** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **3:10-CV-1634-N** |
| | § | |
| **M. HILL, et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case has been referred for pretrial management.

**I. BACKGROUND**

Plaintiff is a state inmate currently confined within the Texas Department of Criminal Justice at the Eastham Unit in Lovelady, Texas. Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983 against the following TDCJ employees: Property Officer M. Hill, Head Warden Sizemore, Assistant Warden G. Oliver, Unit Psychiatric Dr. Boulding, and Officer D. Pace. The court did not issue process pending preliminary screening.

Plaintiff generally complains of events that occurred on an unspecified date at the Eastham Unit. He alleges he was assaulted, denied health care, and housed in an "unclean and inhuman cell without no clothes." (Compl. at 4.) He further alleges that his life is "in danger on this unit," and that he has been threatened by officers. Plaintiff requests monetary damages and to be transferred to a safer and more secure unit.

## II. ANALYSIS

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, as it relates to civil actions

filed by prisoners, was amended to include a "three-strike" provision. Section 1915(g) precludes

a prisoner from bringing a civil action *in forma pauperis* if, on three or more prior occasions,

while confined as a prisoner, he filed civil actions or appeals in federal court which were

dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing

to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *Adepegba v.*

*Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).

A review of the PACER Case Locator reflects that Plaintiff has had three prior *in forma*

*pauperis* actions, filed while a prisoner, which were dismissed as frivolous or for failure to state a

claim. *See Barker v. Jack, et al.*, 4:00-CV-233 (N.D. Tex., Fort Worth Div., May 1, 2000)

(dismissed without prejudice for failure to state a claim); *Barker v. Jack, et al.*, No. 3:04-CV-

0596 (N.D. Tex., Dallas Div., Jun. 10, 2004) (dismissed with prejudice as frivolous); *Barker v.*

*Quarterman*, No. 4:08-CV-0367 (N.D. Tex., Fort Worth Div., Dec. 11, 2008) (dismissed with

prejudice as frivolous and for failure to state a claim). Consequently, Plaintiff has accrued a total

of three "strikes" under § 1915(g).[1]

Because Plaintiff has accumulated three "strikes," section 1915(g) precludes him from

proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of

---

[1] According to the docket sheet in No. 4:00-CV-233, Plaintiff was incarcerated at the Tarrant County Jail at the time of filing and during the pendency of the case. Thereafter, he was transferred to TDCJ where he has been serving a forty-year sentence for aggravated kidnaping, imposed on May 9, 2000, in Tarrant County. *See* Plaintiff's Offender Information Detail available on the TDCJ website. While the dismissal of No. 4:00-CV-233 was without prejudice, the district court's opinion clearly reflects that the case was being dismissed as frivolous and for failure to state a claim as required by § 1915(g).

serious physical injury" at the time he filed the complaint.  *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).  Here, the complaint presents only a general, conclusory claim that Plaintiff may have been in danger of any physical injury at the time of filing of the complaint.  *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997); *Adepegba*, 103 F.3d at 388.  *See also Banos*, 144 F.3d at 883-84.  Plaintiff merely alleges that his "lifes [sic] in danger on this unit" and that "if [he] say[s] anything about it that [he] will be killed."  (Compl. at 4.)  He fails to explain what if any he experienced at the time of filing the complaint that caused him to be in "imminent danger of serious physical injury."  Moreover, apart from the alleged deprivation of his personal fan, as alleged in the June 2010 grievance attached to the complaint, it is unclear when the other events asserted in the complaint may have occurred.  Because Plaintiff has not made a sufficient showing of imminent danger of serious physical injury, he may not proceed in this action without prepayment of fees under § 1915(g).

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court DENY Plaintiff's motion to proceed *in forma pauperis* (Doc. #2), and DISMISS this action as barred by the three strikes provision of 28 U.S.C. § 1915(g) unless Plaintiff pays the $350.00 filing fee prior to

acceptance of this recommendation or before a deadline established by the District Court.[2]

SIGNED August 24, 2010.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2]    Alternatively this case can be transferred to the U.S. District Court for the Eastern District of Texas Lufkin Division where the events at issue in this case occurred. *See* 28 U.S.C. § 1406(a)